UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 9:12-cv-80183-DMM

AMELIE SAINDOUX,

    Plaintiff,

vs.

SUNRISE SENIOR LIVING, INC.,

    Defendant.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff, by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and Local Rules, files this First Amended Complaint and sues Defendant and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. AMELIE SAINDOUX (hereinafter "Plaintiff") is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for the purpose of the Act.

3. Defendant is SUNRISE SENIOR LIVING, INC. (hereinafter "SUNRISE" or "Defendant") (a foreign Corporation) having its main place of business in McLean,

Virginia, where Plaintiff worked for Defendant's Palm Beach County site, and at all times material hereto was and is engaged in interstate commerce.

## **COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION**

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

5. This action is brought by Plaintiff to recover from the Employer/Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

7. At all times pertinent to this Complaint, the Employer/Defendants operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Employer/Defendants is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a For-Profit Corporation and, through its business activity, affects interstate commerce. The Plaintiffs' work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a nurse for the Defendant's business.

10. While employed by Defendant, Plaintiff worked an average of 44 (forty-four) hours weekly without being compensated at the rate of not less than one and one half times the regular rate at which they were employed. Defendant observed Plaintiffs work in excess of 40 hours per week and did not provide overtime compensation.

11. Plaintiff was paid an average of $10.59 an hour from on or about June 2006 through August 2011 but have never been compensated for overtime wages for the hours that she worked in excess of 40 hours per week.

12. Plaintiffs were paid an average of $10.59 an hour from on or about June 2006 through August 2011 but have never been compensated for overtime wages for the hours that they worked in excess of 40 hours per week.

13. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

14. Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

   a. Total amount of alleged unpaid wages **per Plaintiff**:

   a. $19,830.72

   b. Calculation of such wages:

   c. August 2008 through August 2011

   d. **15.89** (OT rate per/hour) **x 4** hours of overtime per week = **$63.56**; **$63.56** (OT owed per week) x **156** weeks = **$9,915.36** in unpaid overtime wages plus liquidated damages of **$9,915.36** plus all attorneys' fees and costs.

   b. Nature of wages (e.g. overtime or straight time):

   e. This amount represents unpaid **overtime** wages and liquidated damages

15. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in

this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

16. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

17. Defendant, SUNRISE, willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

18. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and are obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff request this Honorable Court:

A. Enter judgment for Plaintiff against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demand a trial by jury.

## COUNT II: VIOLATION OF FLA. STAT. § 440.205

20. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

1. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.
2. The acts or omissions giving rise to this complaint occurred in whole or in part in **Palm Beach County**, Florida.
3. All conditions precedent to bringing this action have occurred, been performed or been excused
4. The PLAINTIFF has retained the undersigned counsel in order that her rights and interests may be protected. The PLAINTIFF has become obligated to pay the undersigned a reasonable attorney's fee.
5. At all times relevant, PLAINTIFF was employed by the DEFENDANT as a **nurse.**
6. On or about **August 4, 2011,** the PLAINTIFF suffered a work-related injury.
7. The above-alleged injury required medical treatment.
8. After the work-related accident as described above, the PLAINTIFF reported her injuries to the DEFENDANT through her supervisor and requested medical treatment.

9. On or about **August 5, 2011**, the DEFENDANT fired the PLAINTIFF and did not allow her to re-commence work for the DEFENDANT.

10. PLAINTIFF's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of PLAINTIFF's employment was that PLAINTIFF sought or attempted to seek compensation under Florida Workers' Compensation Law, as PLAINTIFF was entitled to do.

11. The motivating factor which caused the PLAINTIFF's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the PLAINTIFF would not have been fired but for her claiming worker's compensation benefits as described above.

12. The DEFENDANT's termination of the PLAINTIFF was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the PLAINTIFF has been damaged.

13. By reason of DEFENDANT's wrongful discharge of PLAINTIFF, PLAINTIFF has been damaged in that PLAINTIFF has suffered lost wages and has suffered emotional distress

14. PLAINTIFF has been unable to find gainful employment since PLAINTIFF's discharge.

15. The DEFENDANT's conduct in wrongfully discharging PLAINTIFF was willful, wanton, and in reckless disregard of PLAINTIFF's rights and therefore PLAINTIFF is entitled to punitive damages.

**WHEREFORE**, the PLAINTIFF respectfully requests judgment against the DEFENDANT for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; reinstatement and promotion; injunctive relief prohibiting the DEFENDANT from wrongfully discharging in the manner described

above; front wages; punitive damages; attorney's fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

PLAINTIFF demands a trial by jury of all issues so triable.

Dated: 3/19/12, 2012.

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC.**
*Attorneys for Plaintiff*
Biscayne Centre
11900 Biscayne Blvd., Suite 288
Miami, FL 33132
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
Fla. Bar No.: 0533637

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *[signature]*
Anthony M. Georges-Pierre, Esq.

### Service List

Anthony M. Georges-Pierre, Esq.
**REMER & GEORGES-PIERRE, PLLC**
*Counsel for Plaintiff*
11900 Biscayne Boulevard
Suite 288
North Miami, Florida 33181
E-Mail: agp@rgpattorneys.com
E-Mail: bshulman@rgpattorneys.com
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Ryan M. Bates, Esq.
**HUNTON & WILLIAMS, LLP**
1751 Pinnacle Drive
Suite 1700
McClean, VA 22102
Telephone: (703) 714-7400